JULIE M. CAPELL (State Bar No. 226662)
  juliecapell@dwt.com
DANIELLE R. GERSON (State Bar No. 280432)
  daniellegerson@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
STARBUCKS CORPORATION, erroneously
sued as STARBUCKS COFFEE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA HERNANDEZ, an Individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>STARBUCKS COFFEE COMPANY, a Washington Corporation; and DOES 1 through 10, Inclusive,<br><br>                    Defendants. | Case No. **2:17−cv−6927 DSF (GJSx)**<br><br>**DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 56; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:        August 27, 2018<br>Time:        1:30 p.m.<br>Room:        Courtroom 7D<br><br>[Assigned to the Hon. Dale S. Fischer]<br><br>State Action Filed: July 14, 2017<br>Removal Filed: September 20, 2017<br><br>[Statement of Uncontroverted Facts of Law; Declarations of Julie Capell, Angela Rivers and Heidi Sundquist; Request for Judicial Notice; Proposed Judgment; and Proposed Order file concurrently] |

## NOTICE OF MOTION

**TO THE COURT, PLAINTIFF ERICA HERNANDEZ, AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 27, 2018 at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 7D of the above entitled court, located at 350 West 1st Street, Los Angeles, California, Defendant STARBUCKS CORPORATION ("Starbucks") will and hereby does move this Court: (1) for an order of summary judgment pursuant to Federal Rules of Civil Procedure Rule 56 as to all of the claims asserted against Starbucks in the Complaint of Plaintiff ERICA HERNANDEZ ("Plaintiff"); or, in the alternative, (2) for an order of partial summary judgment as to the issues stated below.

This motion will be made on the grounds that there is no triable issue as to any material fact for any of the claims set forth in the Complaint against Starbucks, and consequently, Starbucks is entitled to judgment as a matter of law on the following issues:

Issue No. 1:  Starbucks is entitled to summary judgment on Plaintiff's first cause of action for "FEHA Disability Discrimination" because the uncontroverted facts demonstrate that Plaintiff was terminated for a legitimate, non-discriminatory reason and there is no evidence of discriminatory motive or pretext.

Issue No. 2:  Starbucks is entitled to summary judgment on Plaintiff's second cause of action for "FEHA Failure to Engage in Interactive Process in Violation of Government Code §12940(n)" because the uncontroverted facts demonstrate that Starbucks fully engaged in the interactive dialogue with Plaintiff and Plaintiff was the one who abandoned the interactive process.

Issue No. 3:  Starbucks is entitled to summary judgment on Plaintiff's third cause of action for "FEHA Failure to Accommodate in Violation of Government Code §12940(m)" because the uncontroverted facts demonstrate that Starbucks granted all of Plaintiff's accommodation requests related to her leaves of absence

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and work restrictions, and Plaintiff abandoned the interactive process and her request for an accommodation related to the realignment of her territory.

Issue No. 4: Starbucks is entitled to summary judgment on Plaintiff's fourth cause of action for "CFRA Retaliation" because the uncontroverted facts demonstrate that Plaintiff was terminated for a legitimate, non-retaliatory reason and there is no evidence of retaliatory motive or pretext.

Issue No. 5: Starbucks is entitled to summary judgment on Plaintiff's fifth cause of action for "Wrongful Discharge in Violation of Public Policy" because the uncontroverted facts demonstrate that Plaintiff was terminated for a legitimate reason and not in violation of any law or public policy.

Issue No. 6: Starbucks is entitled to summary judgment on Plaintiff's prayer for punitive damages because there is no evidence that any officer, director, or managing agent of Starbucks engaged in or ratified conduct amounting to malice, oppression, or fraud.

This Motion For Summary Judgment or, in the alternative, Partial Summary Judgment, is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Statement of Uncontroverted Facts and Conclusions of Law, the declarations of Angela Rivers, Heidi Sundquist, and Julie M. Capell, the Request for Judicial Notice, the supporting evidence submitted concurrently herewith, all pleadings and records on file, and upon such other evidence as may be presented in advance of or at the hearing.

This Motion is made following unsuccessful meet and confer efforts between counsel that occurred pursuant to L.R. 7-3 which took place on June 21, 2018.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | |
|---|---|
| 1 | DATED: July 2, 2018 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

DATED: July 2, 2018

DAVIS WRIGHT TREMAINE LLP
JULIE M. CAPELL
DANIELLE GERSON


By:/s/ Julie M. Capell
        Julie M. Capell
        Attorneys for Defendant
        STARBUCKS CORPORATION,
        erroneously sued as STARBUCKS
        COFFEE COMPANY

iii

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................... 1

II.   STATEMENT OF FACTS ...................................................... 4

      A.    Plaintiff's Employment With Starbucks ............................... 4

      B.    Plaintiff Did Not Visit One Of Her Assigned Stores For Six
            Months ........................................................................ 5

      C.    Plaintiff Fails To Visit Store 2254 For Almost Ten Days ................. 7

      D.    Plaintiff's Termination From Employment ........................................ 7

      E.    Plaintiff's Leaves Of Absence For Back Problems............................ 9

III.  STANDARD FOR SUMMARY JUDGMENT ......................................... 10

IV.   LEGAL ARGUMENT........................................................................ 11

      A.    Plaintiff's Disability Discrimination Claim Should Be Dismissed
            (Issue No. 1) ................................................................... 11

            1.    Plaintiff Was Terminated For Legitimate, Non-
                  Discriminatory Reasons ........................................... 11

            2.    Plaintiff Has No Evidence To Suggest That
                  Starbucks Proffered Reasons For Her Termination
                  Were Pretextual ...................................................... 13

      B.    The Undisputed Facts Do Not Support Plaintiff's Claim For
            Wrongful Termination Because No Discrimination Occurred
            (Issue No. 5) ................................................................... 15

      C.    Plaintiff's Claims For Failure To Engage In The Interactive
            Process And Failure To Accommodate Fail (Issue Nos. 2-3)............ 15

      D.    Plaintiff's Claim For CFRA Retaliation Fails Based On The
            Uncontroverted Facts (Issue No. 4)........................................ 17

            1.    Plaintiff Cannot Establish Her *Prima Facie* Case .................. 18

            2.    Plaintiff Has No Evidence Of Pretext ...................................... 18

      E.    Plaintiff Cannot Maintain A Claim For Punitive Damages (Issue
            No. 6) ........................................................................... 19

V.    CONCLUSION.................................................................. 20

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Alejandro v. ST Micro Electronics*,
   178 F. Supp. 3d 850 (N.D. Cal. 2016) ................................................................ 16

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ........................................................................................... 10

*Aquino v. Sup. Ct.*,
   21 Cal. App. 4th 847 (1993) .............................................................................. 19

*Arteaga v. Brink's, Inc.*,
   163 Cal. App. 4th 327 (2008) ............................................................................ 15

*Barnett v. U.S. Air, Inc.*,
   228 F.3d 1105 (9th Cir. 2000), *rev'd on other grounds,* 535 U.S.
   391, 122 S. Ct. 1516, 152 L. Ed. 2d 589 (2002) .......................................... 16, 17

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ........................................................................................... 10

*Chen v. Cty. of Orange*,
   96 Cal. App. 4th 926 (2002) .............................................................................. 18

*College Hospital, Inc. v. Sup. Ct.*,
   8 Cal. 4th 704 (1994) ........................................................................................ 19

*Cruz v. Homebase*,
   83 Cal. App. 4th 160 (2000) .............................................................................. 19

*Cucuzza v. City of Santa Clara*,
   104 Cal. App. 4th 1031 (2002) .......................................................................... 14

*Dept. of Fair Empl. and Housing v. Lucent Techs., Inc.*,
   642 F.3d 728 (9th Cir. 2011) ............................................................................. 15

*Dudley v. Dep't of Transp.*,
   90 Cal. App. 4th 255 (2001) .............................................................................. 17

*Ebaugh v. Rabkin*,
   22 Cal. App. 3d 891 (1972) ............................................................................... 19

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Faust v. Cal. Portland Cement Co.*,
  150 Cal. App. 4th 864 (2007) ........................................................ 11, 17

*Guthrey v. State of Cal.*,
  63 Cal. App. 4th 1108 (1998) ............................................................. 14

*Guz v. Bechtel Nat., Inc.*,
  24 Cal. 4th 317 (2000) ...................................................................... 11

*Hanson v. Lucky Stores, Inc.*,
  74 Cal. App. 4th 215 (1999) ............................................................... 15

*Kelly-Zurian v. Wohl Shoe Co.*,
  22 Cal. App. 4th 397 (1994) ............................................................... 20

*King v. United Parcel Servs.*,
  152 Cal. App. 4th 426 (2007) ......................................................... 11, 13

*Loggins v. Kaiser Permanente Int'l*,
  151 Cal. App. 4th 1102 (2007) ........................................................... 18

*Martin v. Lockheed Missiles & Space Co.*,
  29 Cal. App. 4th 1718 (1994) ............................................................. 17

*Muzquiz v. City of Emeryville*,
  79 Cal. App. 4th 1106 (2000) ............................................................. 11

*Odima v. Westin Tucson Hotel Co.*,
  991 F.2d 595 (9th Cir. 1993) .............................................................. 12

*Taylor v. Sup. Ct. of Los Angeles Cty.*,
  24 Cal. 3d 890 (1979) ....................................................................... 19

*Trop v. Sony Pictures Entertainment, Inc.*,
  129 Cal. App. 4th 1133 (2005) ........................................................... 11

*White v. Ultramar, Inc.*,
  21 Cal. 4th 563 (1999) ...................................................................... 19

*Wilson v. Cty. Of Orange*,
  169 Cal. App. 4th 1185 (2009) ........................................................... 16

**Statutes**

California Civil Code § 3294 ............................................................... 19

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

California Family Rights Act ...................................................................*passim*

California Government Code
    § 12940(m) ..................................................................................... i
    § 12940(m)(n) ............................................................................... 15
    § 12940(n) ....................................................................................... i

**Rules**

Federal Rules of Civil Procedure 56 ...................................................... i

Federal Rules of Civil Procedure 56(a) ............................................... 10

Local Rules 7-3 ..................................................................................... ii

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
4819-7146-1223v.22 0024663-002616

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Plaintiff Erica Hernandez ("Plaintiff") worked as a Licensed Stores[1] District Manager ("LSDM") for Defendant Starbucks Corporation ("Starbucks") from April 15, 2013 to April 15, 2016.[2]  Plaintiff's main job responsibility was to visit her assigned Starbucks licensed stores to make sure they were running smoothly, operating in line with Starbucks operational standards, and meeting performance expectations.  Each week Plaintiff received reports showing business results for her stores.  Plaintiff was expected to focus and prioritize her visits with stores whose compensation had declined from the previous year (referred to as "negative comp stores").

On March 22, 2016, Plaintiff's supervisor, Angela Rivers, a Regional Director for Licensed Stores, learned that Plaintiff had not visited or made contact

_____

[1] Similar to a franchise, Starbucks licenses its brand and products to Licensed Stores run by other companies (Licensees), including, but not limited to, Safeway/Vons, Ralphs, Marriott, and Disney.  (**UF 2.**)  These stores license the Starbucks brand, sell its products, and are responsible for managing Starbucks retail operations within their stores.  (**UF 3.**)  The Licensee's employees work and manage the Licensed Starbucks store.  (**UF 4.**)  Amongst Starbucks contractual obligations with Licensees, Starbucks agrees to visit the Licensed Stores on a regular basis in order to help the Licensee achieve its business goals and ensure operational standards are being met.  (**UF 5.**)

[2] For purposes of this Motion, undisputed material facts ("UF") will be bolded and set forth in the body of the Motion, and the citation to their corresponding supporting evidence will be contained in Defendant's Statement of Uncontroverted Facts and Conclusions Of Law.  All other facts in this Motion will cite directly to the evidence.

with one of her under-performing/negative comp stores – Store 2254 – for <u>six months</u>.  Ms. Rivers did not learn about this from Plaintiff.  Instead, while Ms. Rivers was participating in a Safeway/Vons/Starbucks Leadership Market tour with Tim Mantel, the Director of Coffee for Safeway Corporate (who owns the national relationship between Starbucks and Safeway/Vons and oversees the Starbucks program in all Safeway/Vons locations), Serena Davis, the Starbucks Operations Specialist for Safeway/Vons (who oversees 60-80 Starbucks locations for Safeway/Vons and who is the above store level contact for LSDMs), told Ms. Rivers that no one from Starbucks had been to Store 2254 in the last six months.

When Ms. Rivers confronted Plaintiff, Plaintiff admitted that what Ms. Davis said was true – she had not visited, or even made contact with, Store 2254 for six months.  Plaintiff was <u>unable to provide any explanation</u> for her conduct and agreed to accept all consequences.  Clearly not appreciating the gravity of the situation and how her conduct had undermined the relationship with the Licensee, Plaintiff still did not visit Store 2254 for almost <u>ten additional days</u>.

At the direction of her supervisor, Mark Cromett, Ms. Rivers investigated Plaintiff's failure to visit Store 2254.  During the investigation, Ms. Rivers discovered that Plaintiff had store visits for Store 2254 on her calendar between October 2015 and March 2016.  Plaintiff admitted they had not occurred.  This led Ms. Rivers to conclude that Plaintiff deliberately misrepresented her whereabouts on her calendar.  The investigation also showed this was not a one-time error.  Ms. Rivers concluded that Plaintiff made a series of decisions wherein she failed to prioritize Store 2254 as one she needed to visit as part of her weekly business analysis.  In Ms. Rivers' view, every time Plaintiff reviewed her weekly store business results and calendared her activities she was either poorly analyzing her business and/or failing to appropriately plan and prioritize or deliberately deciding not to visit Store 2254.  Due to this series of weekly and monthly decisions by Plaintiff to not visit Store 2254 – a seriously underperforming store – Ms. Rivers

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  lost confidence in Plaintiff's ability to appropriately plan, prioritize, and make
2  sound business decisions on behalf of Starbucks.

3       After discussing the situation with partner resources management, operations
4  management, in-house legal counsel, and after consultation with Heidi Sundquist,
5  Partner Resources Manager for Licensed Stores, Ms. Rivers decided to terminate
6  Plaintiff's employment.

7       Unwilling to accept the consequences of her actions, Plaintiff contends she
8  was terminated because she was disabled – she had back problems – and because
9  she took California Family Rights Act ("CFRA") leave.  Plaintiff also claims
10  Starbucks failed to engage in the interactive process with her and failed to provide a
11  reasonable accommodation.  The undisputed facts demonstrate that each of these
12  claims fail:

13        &bull;  Starbucks knew of and accommodated Plaintiff's disability beginning
14           as early as June 2014 when it granted Plaintiff two leaves of absence
15           (from June 2014 to September 2014 and from January 7, 2015 to
16           January 25, 2015) for back problems and accommodated all
17           restrictions upon her return to work.  (Plaintiff took no other CFRA
18           leave during her employment.)
19        &bull;  When Plaintiff made an accommodation request in late January/early
20           February 2016, Ms. Rivers provided instructions on next steps related
21           to the request, and it was Plaintiff who abandoned the request and the
22           interactive process.
23        &bull;  There is no evidence whatsoever that Plaintiff's accommodations and
24           leaves of absence resulted in her termination.  In fact, Plaintiff herself
25           admits these contentions are based on pure speculation.  (**UF 44.**)

26       It is clear that Plaintiff's claims all relate to her disagreement with Starbucks
27  legitimate business decisions and judgments.  But case law is clear: this Court
28  cannot second-guess Starbucks business judgment absent some compelling

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
4819-7146-1223v.22 0024663-002616

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

evidence of pretext or that Starbucks acted with discriminatory or retaliatory intent (which is not the case here).  For these reasons, as set forth in more detail below, the Court should grant the instant motion and enter judgment in favor of Starbucks and against Plaintiff.

## II.    STATEMENT OF FACTS

### A.    <u>Plaintiff's Employment With Starbucks</u>

Plaintiff worked as a LSDM for Starbucks from April 15, 2013 until April 15, 2016.  (**UF 1.**)  Plaintiff's employment was at-will.  (**UF 6.**)  Her job duties included: supporting the operations of her assigned licensed stores in and around Los Angeles, California; assisting her licensed stores in meeting operational standards, including district sales and profitability; and maintaining strong relationships with store management at her licensed stores.  (**UF 7.**)

Although Plaintiff scheduled her own appointments and was responsible for setting priorities, she was required to follow Starbucks "DM Approach" when effectuating her duties as a LSDM.  (**UF 8.**)  Per the DM Approach, Plaintiff was expected to conduct "detailed store visits" with each of her assigned stores, as well as "store walk-throughs" and "quick connects."  (**UF 9.**)  During a "detailed store visit," which could take four or more hours, Plaintiff was expected to connect with the store team, conduct a walk-through of the store, and discuss various operational standards.  (**UF 10.**)  During a "store walk-through," which would typically take one to two hours, Plaintiff was expected to observe and coach the current status of an issue previously identified in a detailed store visit or store walk-through.  (**UF 11.**)  "Quick connects," unlike detailed store visits and store walk-throughs, did not require Plaintiff to go to a store; instead, they were informal connections, e.g., phone calls with managers or baristas to build rapport, enhance relationships and informally check on the store.  (**UF 12.**)

In addition to the DM Approach, as a LSDM, Plaintiff was expected to follow Starbucks policy regarding "leaving no store behind."  (**UF 13.**)  This meant

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

focusing and prioritizing store visits, *e.g.*, detailed store visits, store walk-throughs and quick connects, with negative comp/under-performing stores (those stores whose compensation had declined from the previous year).  *Id.*  In order to accomplish this task, each week Plaintiff received reports showing business results for her stores.  (**UF 14.**)

During Plaintiff's employment, Starbucks Mission and Values included:

- Acting with courage, challenging the status quo and finding new ways to grow;

- Being present, connecting with transparency, dignity and respect; and

- Delivering our very best in all we do, holding ourselves accountable for results.  (**UF 15.**)

### B.    Plaintiff Did Not Visit One Of Her Assigned Stores For Six Months

On March 22, 2016, Plaintiff's supervisor, Angela Rivers,[3] Regional Director for Licensed Stores, had a Safeway/Vons/Starbucks Leadership Market tour with Tim Mantel (Director of Coffee, Safeway Corporate),[4] Serena Davis (Starbucks Operations Specialist, North Region-SoCal, Vons Division),[5] and Danielle Macias

---

[3] Ms. Rivers is not, and has never been, an officer or director at Starbucks.  (**UF 59.**) She also is not, and has never been, in a position to exercise substantial independent authority and judgment over decisions that ultimately determine corporate policy. *Id.*

[4] Mr. Mantel owns the national relationship between Starbucks and Safeway/Vons (Safeway/Vons is one of Starbucks largest Licensees) and oversees the Starbucks program in all Safeway/Vons locations.  Declaration of Angela Rivers ("Rivers Decl.") ¶ 5.

[5] Ms. Davis oversees 60-80 Starbucks locations for Safeway/Vons and is the above store level contact for LSDMs.  Rivers Decl. ¶ 5.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(Assistant Sales Manager, Service Deli/Starbucks, Vons Division).[6]  (**UF 16.**)  During the tour, the group visited Store 2254.  *Id.*  While touring Store 2254, the group observed that the store was in poor condition and not meeting Starbucks operational standards.  (**UF 17.**)  Mr. Mantel then asked how long it had been since Starbucks had been to the store.  (**UF 18.**)  Since Store 2254 was assigned to Plaintiff, Ms. Rivers called Plaintiff to ask for a copy of the latest store walk through report.  (**UF 19.**)  Ms. Davis then informed Ms. Rivers that no one from Starbucks had been to Store 2254 for six months.[7]  (**UF 20.**)

Plaintiff admitted to Ms. Rivers on March 22, 2016 that she had not visited Store 2254 since October 2015.  (**UF 21.**)  In fact, the only contact Plaintiff had attempted to make with Store 2254 during this time was two phone calls to the store manager (where Plaintiff did not actually speak with the store manager).  (**UF 22.**)  Store 2254 had been a negative comp/under-performing store for at least six months, including during the busiest time of year – October to December.  (**UF 23.**)  Ms. Rivers concluded that the whole incident was an embarrassment for Starbucks because Starbucks had failed to meet its business commitment to one of its most important Licensees – Safeway/Vons.  (**UF 24.**)

Ms. Rivers consulted with her supervisor, Mark Cromett, about Plaintiff's failure to visit Store 2254 for six months.  (**UF 25.**)  At Mr. Cromett's direction,

---

[6] At all relevant times, Ms. Macias oversaw all Starbucks stores in Sothern California for Safeway/Vons.  Rivers Decl. ¶ 5.

[7] Plaintiff admits that discovering she had not visited Store 2254 in this way must have been embarrassing for Ms. Rivers.  Declaration of Julie M. Capell ("Capell Decl.") ¶ 2, Ex. A (Deposition of Plaintiff Erica Hernandez) ("Hernandez Dep.") at 79:9-12.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
4819-7146-1223v.2 0024663-002616

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Ms. Rivers investigated this issue with the help of Heidi Sundquist,[8] Partner Resources Manager.  (**UF 26.**)  Ms. Rivers asked Plaintiff to send her copies of documentation from the last round of her store visits.  (**UF 27.**)  In one of Plaintiff's emails attaching her store visit information, she told Ms. Rivers there was "no excuse" for not visiting Store 2254 and that "[she] will accept the consequences of [her] lack of follow-up with this store."  (**UF 28.**)  Ms. Rivers asked her assistant, Angeli de Jesus, to pull Plaintiff's calendar and cross reference it to the information Plaintiff provided.  (**UF 29.**)

### C.   Plaintiff Fails To Visit Store 2254 For Almost Ten Days

Plaintiff did not visit Store 2254 until March 31, 2016.  (**UF 30.**)  Plaintiff claims she did not prioritize a visit to Store 2254 following her discussion with Ms. Rivers on March 22, 2016 because of store visits she already had calendared, her workload, and the proximity of Store 2254 to other store visits she had scheduled. (**UF 31.**)  Plaintiff did not visit Store 2254 on March 23, March 24, March 25 or March 30.  (**UF 32.**)

### D.   Plaintiff's Termination From Employment

On April 11, 2016, Ms. Rivers and Ms. Sundquist met with Plaintiff to discuss the findings from the investigation, which included that Plaintiff had calendar entries for visits to Store 2254, yet never made those visits. (**UF 33.**)  During the meeting, Plaintiff again accepted responsibility for not visiting Store 2254.  (**UF 34.**)  Sundquist also recalls Plaintiff admitting she had scheduled a visit with Store 2254 on a day she was planning to be in the area, but simply chose not to go.  (**UF 35.**)  Further, she did not provide any explanation for where she was

_____

[8] Ms. Sundquist is not, and has never been, an officer or director at Starbucks.  (**UF 60.**)  She also is not, and has never been, in a position to exercise substantial independent authority and judgment over decisions that ultimately determine corporate policy.  *Id.*

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

during times marked on her calendar where time was blocked so that Plaintiff could visit Store 2254.  (**UF 36.**)  Despite Ms. Rivers providing Plaintiff with multiple opportunities to do so, Plaintiff never provided a reason for why she did not visit Store 2254 for six months.  (**UF 37.**)

Ms. Rivers concluded that it was not a mistake that Plaintiff did not visit Store 2254, but, instead, was an intentional act for which Plaintiff could provide no explanation.  (**UF 38.**)  In Ms. Rivers' view, every time Ms. Hernandez reviewed her weekly store business results and calendared her activities she was either poorly analyzing her business and failing to appropriately plan and prioritize or deliberately deciding not to visit Store 2254.  *Id.*  Given this conscientious weekly decision by Plaintiff not to visit Store 2254, Ms. Rivers lost confidence in Plaintiff's ability to appropriately plan, prioritize, and make sound business decisions on behalf of Starbucks.  (**UF 39.**)  Ms. Rivers also concluded that Plaintiff had deliberately misrepresented her whereabouts when Plaintiff's Outlook calendar showed visits to Store 2254 that had never actually occurred.  (**UF 40.**)

Ms. Rivers presented the information gathered during the investigation to others at Starbucks.  (**UF 41.**)  Ultimately, the decision to terminate Plaintiff's employment was made by Ms. Rivers, in consultation with Ms. Sundquist, and with input and approval from Mr. Cromett, Ms. Sundquist's manager, Karen Castro, and Starbucks in-house legal counsel, Dan Berger.  (**UF 42.**)

On April 15, 2016, Starbucks terminated Plaintiff's employment because of her failure to visit or make contact with Store 2254 for six months, the amount of time it took Plaintiff to visit Store 2254 after she had been confronted about it, and because, in Starbucks view, Plaintiff lacked judgment and a sense of urgency with regard to her priorities, and because Starbucks had lost confidence in Plaintiff's ability to satisfactorily perform her job going forward.  (**UF 43.**)  Plaintiff admittedly can only speculate as to the reasons she was terminated from her employment.  (**UF 44.**)

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff admits that, as her direct supervisor, Ms. Rivers had the ability to decide the best consequences for Plaintiff.  (**UF 45.**)  Plaintiff also admits she is unaware of any other LSDM who reported to Ms. Rivers and failed to visit one of their licensed stores for six months or longer.  (**UF 46.**)

### E.   Plaintiff's Leaves Of Absence For Back Problems

Plaintiff took two leaves of absence because of back problems during her employment with Starbucks.  (**UF 47.**)  She took her first leave of absence from June 2014 to September 2014, and her second leave of absence from January 7, 2015 to January 25, 2015.  (**UF 48.**)  Plaintiff testified she has no complaints with how Starbucks handled these leaves of absence and does not believe she was retaliated against for taking them.  (**UF 49.**)  Upon her return to work from both leaves of absence, Plaintiff requested she not be required to sit for long periods of time and that she be permitted to attend physical therapy appointments.  (**UF 50.**)  Starbucks granted these requests.  *Id.*

In late January or early February 2016, Plaintiff called Ms. Rivers because she felt she had more than the average number of stores that an LSDM should have and she "was having concerns about the drive out to the furthest [sic] stores because of discomfort in [her] back."[9]  (**UF 51.**)  During this call, Plaintiff asked Ms. Rivers if she could adjust her store count and the geographical locations of her assigned stores.[10]  (**UF 52.**)  In response, Ms. Rivers asked Plaintiff to speak with other LSDM partners about changing stores.  (**UF 54.**)

_____

[9] Ms. Rivers denies that during this conversation Plaintiff requested fewer stores or mentioned discomfort in her back.  Capell Decl. ¶ 2, Ex. C (Deposition of Angela Rivers) ("Rivers Dep.") at 80:18-81:8.  However, for purposes of this Motion, Defendant asks the Court to assume these facts are true.

[10] During her deposition, Plaintiff did not include Store 2254 as one of the stores she wanted removed from her territory at this time.  (**UF 53.**)

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff testified that she reached out to two or three of her LSDM partners to discuss this issue, but then concluded it was impossible to change stores in this manner. (**UF 55.**) Plaintiff has no specific recollection of reaching out to, or following up with, Ms. Rivers or any other LSDM about the request. (**UF 56.**) She also never contacted anyone else at Starbucks, including Partner Resources, or Sedgwick (Starbucks leave administrator) about the request, and never reported the situation through any of Starbucks hotlines. (**UF 57.**) Finally, Plaintiff never submitted a doctor's note reflecting her accommodation request. (**UF 58.**)

## III.   STANDARD FOR SUMMARY JUDGMENT

A party moving for summary judgment has the initial burden of showing "that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). The moving party may satisfy this burden by "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party satisfies this burden, the non-moving party must present concrete evidence that there remain genuine factual issues. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50. Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## IV.   LEGAL ARGUMENT

**A.**   **Plaintiff's Disability Discrimination Claim Should Be Dismissed (Issue No. 1)**

Plaintiff claims Starbucks discriminated against her based on her disability by terminating her employment.  *See* Dkt. 1, Ex. A, ¶ 34.  A claim of disability discrimination requires a showing that the employee suffers from a disability; was otherwise qualified to do her job; and, suffered an adverse employment action because of her disability.  *See Faust v. Cal. Portland Cement Co.*, 150 Cal. App. 4th 864, 886 (2007); *Guz v. Bechtel Nat., Inc.,* 24 Cal. 4th 317, 355 (2000).  A defendant defending against a disability discrimination claim meets its burden on summary judgment by establishing that the adverse employment action was made for legitimate, non-discriminatory reasons and that Plaintiff cannot produce evidence of pretext.  *Guz*, 24 Cal. 4th at 355-57.  Starbucks can establish both here.

**1.**   **Plaintiff Was Terminated For Legitimate, Non-Discriminatory Reasons**

The undisputed evidence establishes Plaintiff was terminated for legitimate non-discriminatory reasons.  "[L]egitimate" reasons for adverse employment actions are "facially unrelated to prohibited bias, and which, if true, would . . . preclude a finding of discrimination."  *Guz*, 24 Cal. 4th at 358 (emphasis removed). Unsatisfactory job performance is the quintessential example of a legitimate business reason for terminating an individual's employment.  *See Trop v. Sony Pictures Entertainment, Inc.,* 129 Cal. App. 4th 1133, 1149 (2005) (employer presented a legitimate, non-discriminatory reason for termination where the employee's "job performance did not meet [her manager's] demanding standards"); *Muzquiz v. City of Emeryville*, 79 Cal. App. 4th 1106, 1120-21 (2000) (employee's unsatisfactory job performance constituted a legitimate reason for her termination).  In fact, the law affords substantial latitude to employers in running their businesses and making personnel decisions based on business justifications.  *See, e.g., King v.*

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*United Parcel Servs.*, 152 Cal. App. 4th 426, 433 (2007) (employer is not liable so long as its reasons for the discharge are honestly believed and non-discriminatory, on its face, even if the employer turns out to be wrong).  As one court explained, the court "must not substitute its own judgment about whether the employment decisions were wise, or even fair, for that of the employer. . . . [T]he district court's conclusions must be based on factual findings grounded in the record, and not on vague, impressionistic notions . . ."  *Odima v. Westin Tucson Hotel Co.*, 991 F.2d 595, 602 (9th Cir. 1993).

Here, Plaintiff knew she was required to regularly conduct detailed store visits with each of her stores, as well as store walk-throughs and quick connects.  (**UF 8-12.**)  Yet, Plaintiff admittedly failed to visit, or make any kind of contact with, one of her negative comp/under-performing stores – Store 2254 – for six months and could not provide any reason for failing to complete this core job function.  (**UF 21-23, 37.**)  She also failed to provide any explanation as to where she was during the times marked on her calendar for visits to Store 2254.  (**UF 36.**)  Instead, Plaintiff promised she would accept all resulting consequences (which she clearly did not mean). [11]  (**UF 28, 34.**)

It became apparent to Ms. Rivers during her investigation that this was not a one-time mistake or error – every week Plaintiff reviewed her weekly store business results and calendared her activities.  Given this conscientious weekly decision by Plaintiff not to visit Store 2254, Ms. Rivers lost confidence in Plaintiff's ability to appropriately plan, prioritize, and make sound business decisions on behalf of Starbucks.  (**UF 14, 38-39.**)  Instead of being transparent and admitting her failure

---

[11] Starbucks anticipates Plaintiff may claim that Starbucks did not take into account "syncing" problems she had with her calendar and her various devices (i.e., computer, iPad, etc.).  But at no time has Plaintiff asserted that these "syncing" problems caused her to fail to visit Store 2254 for six months.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to perform her main job duty, or correcting the error by merely visiting the store, Plaintiff continued to hide the fact that she was neglecting one of her stores, a negative comp store no-less, until she was caught and confronted by her supervisor. (**UF 19-21.**)  And even after being caught and confronted – and knowing that this was discovered by her supervisor during a corporate visit with one of Starbucks largest Licensees and in complete disregard for the need to repair the relationship with the Licensee – Plaintiff failed to visit the store for almost ten more days.[12]  (**UF 16, 31.**)  Based on all of the foregoing, Ms. Rivers concluded that Plaintiff lacked appropriate judgment with regard to her decision-making, planning, and prioritizing and lost confidence in Plaintiff's ability to satisfactorily perform her job going forward.  (**UF 38-39, 43.**)

The decision to terminate Plaintiff's employment was not made lightly.  It was made after Ms. Rivers and Ms. Sundquist conducted a thorough investigation and after giving Plaintiff an opportunity to explain her actions and whereabouts. (**UF 26-29, 33-37.**)  Further, Ms. Rivers and Ms. Sundquist consulted with and received approval from their managers, Mr. Cromett and Ms. Castro, as well as Starbucks in-house legal counsel, Mr. Berger.  (**UF 42.**)

Thus, it is clear that Starbucks had legitimate, non-discriminatory reasons to terminate Plaintiff's employment.

## 2. Plaintiff Has No Evidence To Suggest That Starbucks Proffered Reasons For Her Termination Were Pretextual

To establish pretext, Plaintiff must proffer <u>substantial</u> evidence of pretext. *See King*, 152 Cal. App. 4th at 433 (". . .  [T]he discharged employee seeking to avert summary judgment must present specific and substantial responsive evidence that the employer's evidence was in fact insufficient or that there is a triable issue of

---

[12] Plaintiff also could have visited the store on March 26.  Hernandez Dep. at 121:24-123:17.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   fact material to the employer's motive."); *Cucuzza v. City of Santa Clara*, 104 Cal.

2   App. 4th 1031, 1045-46 (2002) (summary judgment affirmed when plaintiff failed

3   to offer "substantial responsive evidence," only "personal opinions" to the

4   contrary.)  Plaintiff cannot do so here.

5        Any notion that Starbucks wanted to get rid of Plaintiff because she had

6   requested accommodations is belied by the fact that Starbucks never denied any

7   requests for accommodation by Plaintiff.  Plaintiff admits that Starbucks granted her

8   two leaves of absence and accommodated all of her requested restrictions upon her

9   return from those leaves.  (**UF 47-50.**)  With regard to her request to change her

10  stores, Ms. Rivers asked Plaintiff to discuss the change with her fellow LSDMs.

11  (**UF 51-52, 54.**)  After a few phone calls to a couple of her peers, Plaintiff merely

12  dropped the request and never followed up with Ms. Rivers or anyone else at

13  Starbucks.  (**UF 55-57.**)  There is no evidence whatsoever that Starbucks had any

14  issue with Plaintiff's disability or requests for accommodation.

15       Also, and most persuasively, Plaintiff admits she can only speculate as to the

16  reasons she was terminated from her employment:

17             Q.  Okay.  Is there any other reason, any other evidence that you can

18             point to aside from your own subjective belief as to why it is -- as to

19             your belief that Starbucks was trying to get rid of you because you had

20             made this accommodation request in late January, early February of

21             2016?

22             A.  Well, failure to grant the accommodation I think is enough.

23             Q.  Okay.  Is there any other reason?

24             A.  Not that I am aware of, no.

25  (**UF 44.**)  "*Mere speculation* to suspect . . . discrimination . . . is insufficient" to

26  establish pretext.  *Guthrey v. State of Cal.*, 63 Cal. App. 4th 1108, 1118 (1998)

27  (emphasis added).  It is also irrelevant that Plaintiff may disagree with or contest the

28  decision to terminate her employment.  The question is not whether Starbucks

decision was "wise, shrewd, prudent, or competent," but instead, whether "discriminatory animus motivated" Starbucks decision to terminate Plaintiff's employment. *See Arteaga v. Brink's, Inc.*, 163 Cal. App. 4th 327, 343 (2008) (finding fact that employee was terminated less than a week after disclosing his physical disability was insufficient to establish pretext). Because there is no evidence whatsoever that discrimination against Plaintiff because of a disability or because she requested an accommodation motivated Starbucks to terminate Plaintiff's employment, Plaintiff's discrimination claim fails as a matter of law.

**B.** **The Undisputed Facts Do Not Support Plaintiff's Claim For Wrongful Termination Because No Discrimination Occurred (Issue No. 5)**

Plaintiff's wrongful termination claim is premised on her discrimination claim. *See* Dkt. 1, Ex. A, ¶ 70. Because her discrimination claim fails, so too must her wrongful termination claim. *See Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 229 (1999) (wrongful discharge claim fails if underlying discrimination claim fails).

**C.** **Plaintiff's Claims For Failure To Engage In The Interactive Process And Failure To Accommodate Fail (Issue Nos. 2-3)**

Plaintiff asserts that Starbucks failed to engage in a good faith interactive process with her and failed to accommodate her disability or perceived disability. *See* Dkt. 1, Ex. A, ¶¶ 44, 54.[13] Both of Plaintiff's claims fail as a matter of law.

To establish her claims, Plaintiff must prove (1) that Starbucks failed to engage in a timely, good faith, interactive process with her to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation, and (2) that Starbucks failed to make a reasonable accommodation for her known disability. *See* Cal. Gov't Code § 12940(m)(n). She also must establish that she did not cause a breakdown in the interactive process. *See Dept. of*

---

[13] Hernandez Depo. at 21:14-19, 28:9-21, 40:7-19, 51:7-11.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 │ *Fair Empl. and Housing v. Lucent Techs., Inc.*, 642 F.3d 728, 743 (9th Cir. 2011)

2 │ (holding that the employer could not be liable for failure to engage in the interactive

3 │ process or failure to reasonably accommodate where the employee caused the

4 │ breakdown in the interactive process); *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105,

5 │ 1115 (9th Cir. 2000) ("[C]ourts should attempt to isolate the cause of the

6 │ breakdown [in the interactive process] and then assign responsibility so that

7 │ liability ... ensues only where the employer bears responsibility for the breakdown."

8 │ (internal quotation marks omitted)), *rev'd on other grounds*, 535 U.S. 391, 122 S.

9 │ Ct. 1516, 152 L. Ed. 2d 589 (2002); *Alejandro v. ST Micro Electronics*, 178 F.

10 │ Supp. 3d 850, 863 (N.D. Cal. 2016) (granting summary judgment in favor of

11 │ defendant employer where plaintiff employee failed to take advantage of

12 │ accommodations offered by defendant employer and where plaintiff employee did

13 │ not inform defendant employer that accommodations would not be sufficient).

14 │ Further, an employer is not liable for failing to engage in the interactive process

15 │ when the employee is offered a reasonable accommodation. *See Wilson v. Cty. Of*

16 │ *Orange*, 169 Cal. App. 4th 1185, 1195 (2009).

17 │      Here, Plaintiff requested, and Starbucks granted, all of the leaves of absence

18 │ Plaintiff requested during her employment.  (**UF 47-50.**)  Starbucks also granted

19 │ Plaintiff's restrictions upon her return to work from those leaves.  *Id.*  Most telling

20 │ here, Plaintiff testified she has <u>no complaints</u> with how Starbucks handled these

21 │ leaves or her returns therefrom.  *Id.*

22 │      Also, in response to Plaintiff's request to adjust her store count and the

23 │ geographical locations of her assigned stores, and in line with Starbucks Mission

24 │ and Values which promote partners "acting with courage" and "holding

25 │ [themselves] accountable for results," Ms. Rivers asked Plaintiff to speak with other

26 │ LSDM partners about the proposed change.  (**UF 54.**)  After Plaintiff reached out to

27 │ two or three LSDM partners, she abandoned her request, concluding on her own

28 │ that it was foolhardy and never pursued this potential accommodation any further.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(**UF 55.**)  Plaintiff could have suggested another way to approach the request, told Ms. Rivers that her suggested approach was not feasible, or even could have reached out to Partner Resources, Business Ethics & Compliance, or Sedgwick, Starbucks leave administrator.  Plaintiff cannot now pass the blame to Starbucks for her failure to continue to engage in a good faith interactive process. *See Barnett*, 228 F.3d at 1115.

Because Starbucks provided Plaintiff with all requested leaves of absence and accommodations, did not deny Plaintiff's request to adjust her store count and the geographical locations of her assigned stores, and because Plaintiff was responsible for the breakdown in the interactive process as to that request, her claims for failure to engage in a good faith interactive process and failure to accommodate must fail as a matter of law.

### D.  <u>Plaintiff's Claim For CFRA Retaliation Fails Based On The Uncontroverted Facts (Issue No. 4)</u>

Plaintiff claims that Starbucks "engaged in unlawful employment practices in violation of CFRA by terminating Plaintiff in retaliation for taking a short medical leave." *See* Dkt. 1, Ex. A, ¶ 63.  To establish a *prima facie* case of retaliation in violation of the CFRA Plaintiff must prove: (1) Starbucks was a covered employer; (2) she was eligible for CFRA leave; (3) she exercised her right to take a qualifying leave; and (4) she suffered an adverse employment action because she exercised the right to take CFRA leave. *Dudley v. Dep't of Transp.*, 90 Cal. App. 4th 255, 261 (2001).

If Plaintiff can establish her *prima facie* case, Starbucks can still succeed on a claim for CFRA retaliation by proving that it had a legitimate non-retaliatory reason for the adverse employment action and Plaintiff cannot prove intentional retaliation. *Faust*, 150 Cal. App. 4th at 885.  Mere speculation that Starbucks retaliated against Plaintiff is insufficient to avoid summary judgment on a claim for CFRA retaliation. *Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718, 1735 (1994).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Here, Plaintiff cannot establish her *prima facie* case or intentional retaliation because she was terminated for failing to visit Store 2254 – an underperforming store -- for six months.

### 1. Plaintiff Cannot Establish Her *Prima Facie* Case

Plaintiff has no evidence to establish she was terminated from her employment because she exercised her right to take CFRA leave. By Plaintiff's own admission, she took only two leaves of absence during her tenure at Starbucks – one from June 2014 to September 2014 and another from January 5, 2015 to January 25, 2015 – and she has no complaints with how Starbucks handled these leaves. (**UF 49.**) Further, she specifically admits that Starbucks did not engage in any retaliation against her for taking these leaves. *Id.*

For these reasons, Plaintiff has no evidence to support her *prima facie* case for CFRA retaliation and this claim fails as a matter of law.

### 2. Plaintiff Has No Evidence Of Pretext

Assuming *arguendo* that Plaintiff can establish her *prima facie* case for CFRA retaliation (which she cannot as set forth above), her claim still fails as a matter of law. As set forth above in section IV(A), Plaintiff has no evidence to establish pretext and Starbucks had a legitimate non-retaliatory reason to terminate her employment. The fact that Plaintiff took CFRA leaves of absence before her termination, without more, is insufficient to establish pretext. *Loggins v. Kaiser Permanente Int'l*, 151 Cal. App. 4th 1102, 1112-1113 (2007) (summary judgment for employer upheld where employee had no admissible evidence on the issue of pretext other than temporal proximity); *Chen v. Cty. of Orange*, 96 Cal. App. 4th 926, 931 (2002) (rejecting retaliation claim, explaining "[m]ere sequence is not enough ... [Plaintiff] showed nothing but sequence in a context where there were obviously good and legitimate reasons [for adverse action]"). Furthermore, the passage of time between her last CFRA leave and her termination – 15 months –

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  belies any argument that taking CFRA leave resulted in Plaintiff's termination.

2  Thus, Plaintiff's claim for CFRA retaliation fails as a matter of law.

3  **E.**      **Plaintiff Cannot Maintain A Claim For Punitive Damages (Issue No. 6)**

4          Plaintiff's prayer for punitive damages must be dismissed because there is no

5  genuine issue as to any material fact as to any cause of action.  However, even

6  assuming the existence of a triable issue (which there is not), Plaintiff still has

7  insufficient evidence to support her prayer for punitive damages because she cannot

8  meet the "onerous" burden of establishing "by clear and convincing evidence" that

9  an officer, director, or managing agent of Starbucks was guilty of "oppression,

10  fraud, or malice."  Cal. Civ. Code § 3294; *Aquino v. Sup. Ct.*, 21 Cal. App. 4th 847,

11  857 (1993).

12          Plaintiff must establish that such officer, director, or managing agent acted

13  "with criminal indifference towards the obligations owed to others," *Taylor v. Sup.*

14  *Ct. of Los Angeles Cty.,* 24 Cal. 3d 890, 894 (1979) *citing Ebaugh v. Rabkin,* 22

15  Cal. App. 3d 891, 894 (1972), or acted with "despicable conduct" and "conscious

16  disregard."  *E.g.*, *College Hospital, Inc. v. Sup. Ct.*, 8 Cal. 4th 704, 725 (1994)

17  ("despicable" is a "powerful term that refers to circumstances that are base, vile, or

18  contemptible") (internal quotes, citations omitted); *Taylor*, 24 Cal. 3d at 895-96

19  ("conscious disregard" means "aware of the probable dangerous consequences of

20  his conduct, and that he willfully and deliberately failed to avoid those

21  consequences") (internal citations omitted).  "Managing agents" are "employees

22  who exercise substantial independent authority and judgment over decisions that

23  ultimately determine corporate policy." *White v. Ultramar, Inc.*, 21 Cal. 4th 563,

24  566-67 (1999).  "Corporate policy" is comprised of "the general principles which

25  guide a corporation, or rules intended to be followed consistently over time in

26  corporate operations." *Cruz v. Homebase*, 83 Cal. App. 4th 160, 167 (2000).  Mere

27  supervisory status is insufficient to establish that an employee is a "managing

28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

agent" for punitive damages.  *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 421-22 (1994).

Here, Plaintiff has not alleged that any officer, director, or managing agent has engaged in any allegedly wrongful acts towards her.  (**UF 59-60.**)  And, even if Plaintiff had so alleged, she has no evidence, let alone <u>clear and convincing evidence</u>, that anyone at Starbucks engaged in conduct sufficient to support her prayer for punitive damages.  Accordingly, her prayer for punitive damages should be dismissed.

## V.   CONCLUSION

For the foregoing reasons, Starbucks respectfully requests that this Court grant its Motion For Summary Judgment or, in the alternative, Motion For Partial Summary Judgment.


DATED: July 2, 2018                     DAVIS WRIGHT TREMAINE LLP
                                        JULIE M. CAPELL
                                        DANIELLE R. GERSON


                                        By:/s/ Julie M. Capell
                                            Julie M. Capell
                                            Attorneys for Defendant
                                            STARBUCKS CORPORATION,
                                            erroneously sued as STARBUCKS
                                            COFFEE COMPANY

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
4819-7146-1223v.22 0024663-002616

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899